UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAY 17 A 11: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SKYLAR HILL, an individual by and through his legal guardian and next of kin, MATT HILL, and individual and KADYE HILL an individual;

PLAINTIFFS;

V.

MCDONALD'S aka PEZOLD MANAGEMENT ASSOCIATES, INC.; *et al.;*

DEFENDANTS.

CIVIL ACTION NO.: 3:06CV 444 - CSC

**NOTICE OF REMOVAL**

Defendant, Pezold Management Associates, Inc. ("Pezold"), gives notice, with full reservation of all defenses , that this cause is hereby removed from the Circuit Court of Chambers County, Alabama to the Unite States District Court for the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this removal, Pezold states as follows:

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(b), 1446(b).

2. On April 7, 2006, Plaintiffs Skylar Hill, a minor, Matt Hill and Kadye Hill, commenced this civil action against Pezold and its employee, Janice Lancaster, by filing a complaint in the Circuit Court of Chambers County, Alabama bearing

Case Number CV-06-76, in which they asserted that Plaintiff Skylar Hill ingested food at a restaurant owned and operated by Pezold. Plaintiffs further allege that Plaintiff Skylar Hill became sick as a result of food purchased and consumed at the restaurant owned and operated by Pezold. Plaintiffs contend that Defendants failed to satisfy numerous common law tort and statutory duties.[1]

3. On April 22, 2006, Pezold was served with a copy of the summons and complaint. On April 25, 2006, the McDonald's restaurant owned and operated by Pezold was served with a copy of the summons and complaint. On April 19, 2006, Defendant Janice Lancaster was served with a copy of the summons and complaint. "McDonald's" is not a separate Defendant in the complaint. Rather Pezold was served twice, once at its principle office and again at a restaurant.

4. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Pezold has satisfied the procedural requirements for removal.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this civil action is between citizens of different states, in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

A. The procedural requirements for removal have been satisfied.

---

[1] Plaintiffs also named various fictitious Defendants in their complaint.

6. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service on the first-served Defendant and all properly served Defendants. *See* Fed. R. Civ. P. 6(a).

7. The United States District Court for the Middle District of Alabama, Eastern Division, embraces the county in which this state court action was pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(a), 1441(a).

8. All properly joined and served Defendants consent to this removal. Although not properly joined, Ms. Lasseter has nonetheless joined in removal.[2]

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Pezold, which papers include the summons and complaint, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of the notice of removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of Pezold's filing in State Court is attached hereto as Exhibit *B*.

B. Removal is proper because this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

(a). The amount-in-controversy requirement is satisfied.

---

[2] 28 U.S.C. § 1441(b) does not bar removal. It is well established that co-defendants who are fraudulently joined or not served need not join in the removal. *See Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1259, 1261 n.9 (5th Cir. 1988); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n. 3 (M.D. Ala. 1999); *Williams v. Atlantic Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968); *Mash v. Chrysler Corp.*, 825 F. Supp. 285, 289 (M.D. Ala. 1993). Ms. Lasseter was fraudulently joined, and therefore need not consent to removal, but has nonetheless done so. *See* Exhibit *C*, Janice Lancaster's consent to removal.

10. It is apparent from the face of the complaint that Plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest. Pezold must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement" because the complaint seeks an unspecified amount of damages. *See Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

11. In this case, Plaintiff seeks damages based on alleged illness-allegedly caused by the minor Plaintiff, Skylar Hill, ingesting a hamburger at a restaurant owned and operated by Pezold. The complaint further alleges that the minor Plaintiff "suffered injuries to various parts of his body as a result of the E-Coli poisoning. It is further averred that Plaintiff Skylar Hill "incurred chronic daily cramps, vomiting and diarrhea with some intermittent more severe pain"; that Plaintiff Skylar Hill's body was "bruised and contused"; that Plaintiff Skylar Hill "has incurred great sums of medical expense . . .[and] suffered extreme pain and suffering and emotional distress and mental anguish." See *e.g.*, Complaint ¶ 5.

12. Based on these and other allegations, Plaintiff seeks damages for the injuries allegedly caused by Pezold. Plaintiff seeks damages based on breach of warranty and negligence, but also alleges that Pezold is guilty of "wanton, willful and/or intentional conduct." By alleging that Pezold is guilty of wanton, willful or intentional conduct, Plaintiff seeks punitive damages. Ala.

Code § 6-11-20(a) (Except for a wrongful death action, punitive damages may only be awarded upon proof of "oppression, fraud, wantonness or malice.")

13. Alabama juries routinely render verdicts in excess of $75,000, exclusive of interest and costs against restaurants. See *e.g., Flagstar Enterprises, Inc. v. Maureen Davis,* 709 So. 2d 1132 (Ala. 1997) (jury entered a $250,000 general jury verdict, including a $100,000 compensatory-damage award based on allegations that plaintiff consumed contaminated food); *Donna K. Smith v. Hafez Corporation,* Circuit Court of Mobile County (copy of judgment attached as Exhibit C) (trial court sitting *ore tenus* awarded $375,000 in compensatory damages based on a slip and fall).

14. Given that Plaintiff alleges significant injuries, and asserts legal theories to support punitive damages, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See e.g., Tapscott,* 77 F3d at 1359.

15. Additionally, "a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Dimension D, LLC v. Gray True,* 02:06CV113-SRW(WO) (M.D. Ala. Apr. 21, 2006) 2006 U.S. Dist. LEXIS 23924, n.4. (*quoting Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (*citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [plaintiff's] settlement offer, by itself, may not be determinative, it counts for something.")

16. In this instance, Plaintiff has made a settlement demand in the amount of $500,000.00, an amount well in excess of the jurisdictional minimum. *See* Exhibit *D*. Accordingly, Defendant Pezold has demonstrated with more than sufficient evidence that the amount-in-controversy requirement is satisfied.

(b). Complete diversity of citizenship exists between Plaintiffs and the proper Defendant.

17. There is complete diversity of citizenship between Plaintiffs and Pezold, the only properly joined Defendant.

18. Plaintiffs are residents and citizens of the State of Alabama. *See* Complaint, ¶1; *See also* 28 U.S.C. § 1332(c)(2).

19. Defendant, Pezold, is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Georgia with its principal place of business in the State of Georgia. *See* Exhibit *E*, Affidavit of Betty Johnson. Therefore, Pezold is not now, and was not when the complaint was filed, a citizen of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

D. The citizenship of fictitious Defendants is ignored for removal purposes.

20. The complaint also purports to state claims against unnamed, fictitious Defendants. For purposes of removal, "the citizenship of Defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

E. The citizenship of Ms. Lancaster must be ignored for removal purposes because he is fraudulently joined.

21. Plaintiffs allege that Ms. Lasseter is a citizen of the State of Alabama. For the reasons described herein, Ms. Lasseter is fraudulently joined in an attempt to defeat removal. Therefore, her citizenship must be ignored for the purpose of determining the propriety of removal. *See e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). Such a "reasonable basis" must be based on facts in evidence and cannot be "merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005). When a defendant presents evidence, such as a declaration that is not disputed by the Plaintiffs, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id.* at 1323. The Court must not, *"in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.* (*quoting Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-394 (5th Cir. 2000)) (emphasis in original).

23. The Eleventh Circuit recently noted that the "removal process was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). "As the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the

right to proceed in the Federal court.'" *Id.* (*quoting Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

24. There is no reasonable basis for predicting that Plaintiffs could prevail on any of the claims asserted in the complaint to the extent that they are asserted against Ms. Lasseter because she did nothing to contribute to Plaintiffs' injuries and many of the counts fail to state a claim upon which relief may be granted. Many of the counts seek damages for breach of warranty under Ala. Code § 7-2-314(1), which provides as follows:

> Unless excluded or modified (Section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

Plaintiff will be unable to prove that Defendant Lancaster, an individual, is either a "seller" or a "merchant" as those terms are used in Section 7-2-314(1).

25. Additionally, Plaintiffs will be unable to prove that Defendant Lancaster contributed to cause Plaintiffs' alleged injuries by any act or omission. Further, Defendant Lancaster had no legal duty in contract or tort to Plaintiffs as alleged in the complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant Pezold Management Associates, Inc., removes this action from the Circuit Court of Chambers County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. § 1441.

Date: May 16, 2006.

Wayne Morse, Jr.
ASB-0161-E60W
Email: wmorse@clarkdolan.com

Clark, Dolan, Morse,
Oncale & Hair, P.C.
Suite 850
800 Shades Creek Pkwy.
Birmingham, AL 35209
T: 205-397-2900
F: 205-397-2901

Counsel for Defendant Pezold
Management Associates, Inc.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SKYLAR HILL, an individual by and through his legal guardian and next of kin, MATT HILL, and individual and KADYE HILL an individual;<br><br>PLAINTIFFS;<br><br>V.<br><br>MCDONALD'S aka PEZOLD MANAGEMENT ASSOCIATES, INC.; *et al.;*<br><br>DEFENDANTS. | ) | CIVIL ACTION NO.:<br><br>__________________________ |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record; and I hereby certify that I have mailed by United States Postal Service the document to the following attorneys of record who may or may not be CM/ECF participants:

Mr. Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Ste. 400
2015 2nd Avenue North
Birmingham, AL 35203

[signature]
OF COUNSEL