UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 MAY 17  A 11: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

SKYLAR HILL, an individual by and )
through his legal guardian and )
next of kin, MATT HILL, and )
individual and KADYE HILL an )
individual; )
 ) CIVIL ACTION NO.
     PLAINTIFFS; )
 ) 3:06CV444-CSC
V. )
 )
 )
MCDONALD'S aka PEZOLD )
MANAGEMENT ASSOCIATES, INC.; )
et al.; )
 )
     DEFENDANTS. )

## **ANSWER**

Defendant Pezold Management Associates, Inc., sets forth the following

answers and affirmative defenses to the complaint and to each claim, count

and paragraph of the complaint, separately and severally.

### RESPONSES TO INDIVIDUAL PARAGRAPHS

### COUNT ONE

1.     With respect to paragraph one of the complaint, based on

information and belief, the allegations contained therein are admitted.

2.     The allegations of paragraph two of the complaint are admitted.

3.     The allegations of paragraph three of the complaint are admitted.

However, Janice Lancaster's resident citizenship is inconsequential.

4.     The allegations of paragraph four of the complaint are denied.

5.    The allegations of paragraph five of the complaint are denied.

6.    The allegations of paragraph six of the complaint are denied.

7.    The allegations of paragraph seven of the complaint are denied.

8.    The allegations of paragraph eight of the complaint are denied.

9.    The allegations of paragraph nine of the complaint are denied.

<u>COUNT TWO</u>

10.    In response to paragraph 10 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

11.    The allegations of paragraph 11 of the complaint are denied.

12.    The allegations of paragraph 12 of the complaint are denied.

13.    The allegations of paragraph 13 of the complaint are denied.

14.    The allegations of paragraph 14 of the complaint are denied.

15.    The allegations of paragraph 15 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 15 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>COUNT THREE</u>

16.    In response to paragraph 16 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

17.    The allegations of paragraph 17 of the complaint are denied.

18.    The allegations of paragraph 18 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 18 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>COUNT FOUR</u>

19.    In response to paragraph 19 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

20.    The allegations of paragraph 20 of the complaint are denied.

21.    The allegations of paragraph 21 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 21 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>COUNT FIVE</u>

22.    In response to paragraph 22 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

23.    The allegations of paragraph 23 of the complaint are denied.

24.    The allegations of paragraph 24 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 24 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>COUNT SIX</u>

25.    In response to paragraph 25 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

26.    The allegations of paragraph 26 of the complaint are denied.

27.    The allegations of paragraph 27 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 27 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>COUNT SEVEN</u>

28.    In response to paragraph 28 of the complaint, Defendant Pezold adopts and realleges the previous paragraphs of this answer to the individually numbered paragraphs of the complaint.

29.    The allegations of paragraph 29 of the complaint are denied.

30.    The allegations of paragraph 30 of the complaint are denied.

With respect to the unnumbered paragraph following paragraph 30 of the complaint, Pezold denies that the Plaintiffs are entitled to the relief sought therein or to any relief whatsoever.

<u>GENERAL DENIAL</u>

Pezold denies each and every allegation contained in the complaint, whether factual, legal or mixed, which is not specifically admitted in this answer.

<u>AFFIRMATIVE DEFENSES</u>

4

Pezold asserts the following affirmative defenses as to each claim, count and paragraph of the complaint.

1.     Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2.     Pezold denies that it or any of its employees breached any duty.

3.     Each and every claim asserted and raised in the complaint is barred by the applicable statute of limitations of limitations and is otherwise untimely.

4.     Pezold avers that Plaintiffs have failed to join a party under Federal Rule of Civil Procedure 19.

5.     Each and every claim asserted or raised in the complaint is barred by the doctrine of estoppel, res judicata or waiver.

6.     If Plaintiffs have sustained injuries or losses as alleged in the complaint, upon information, such injuries and losses were caused in whole or in part through the operation or nature or other intervening causes.

7.     If Plaintiffs have sustained injuries or losses as alleged in the complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

8.     If the Plaintiffs have sustained injuries or losses as alleged in the complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily and willfully assumed the risk of any injury.

9.  The Plaintiffs have failed to provide the Defendants with notice concerning the alleged injuries within a reasonable time.

10.  The Defendants plead the defense of "open and obvious" to all of Plaintiff's claims.

11.  Plaintiffs Matt Hill and Kadye Hill failed to exercise their parental duty of supervision and subsequently were negligent in their failure to foresee potential injury to Plaintiff Skylar Hill.

12.  To the extent that Plaintiffs seek punitive damages for an alleged act or omission, an award of punitive damages is barred under relevant state law.

13.  To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the complaint, Pezold's liability, if any, should be reduced accordingly.

14.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the complaint, such benefits are not recoverable in this action.

15.  To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the complaint, such an award would also, if granted, violate Pezold's state and federal constitutional rights.

16.  Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

17.    To the extent the Plaintiffs make a claim for punitive damages, Pezold asserts that the Plaintiffs have not complied with the statutory requirements to recover punitive damages.

18.    To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon a Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip,* 111 S. Ct. 1032, 113 L. Ed. 2d 1;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States. Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the

United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of The United States Constitution; and,

(g)    The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)    Plaintiff's claim for punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon a Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)    Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and

Fourteenth Amendments of the United States
Constitution.

(j)     The award of punitive damages to Plaintiff in this action
would constitute a deprivation of property without due
process of law required under the Fifth and Fourteenth
Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are
awarded permit the imposition of an excessive fine in
violation of Article I, Section 15, of the Constitution of
Alabama.

(l)     The award of punitive damages against these Defendants
in this action would violate the prohibition against laws
that impairs the obligations of contracts in violation of
Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are
awarded are vague and unpredictable such that they
violate the defendant's right to defend himself pursuant
to Article I, Section 10 of the Constitution of Alabama.

(n)     the procedures pursuant to which punitive damages rare
awarded permit the imposition of punitive damages in
excess of the amount established by the legislature under
Ala. Code, § 27-1-17 (1975), in violation of the
Due Process Clause of the Fifth and Fourteenth
Amendments of the U. S. Constitution and Article,
Section 6, of the Alabama Constitution.

19.     Plaintiffs' complaint seeks to make Pezold liable for punitive

damages.  The United Stated Supreme Court has reversed the Alabama

Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct.

1589 (1996) on the issue of punitive damages.  Pezold adopts by reference the

defenses, criteria, limitations, and standards mandated by the United States

Supreme Court decision in that case and in *Cooper Industries, Inc. v.*

*Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile*

*Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

20.     Pezold affirmatively pleads that any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

21.     The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code §6-11-21, (1975).  Pezold adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. V. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

22.     Pezold avers that the punitive damage cap set out in *Ala. Code* §6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

23.     Pezold avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp*, 113 S. Ct. 2711 (U.S. 1993).

24.    Pezold avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 854 So. 2d 529 (Ala. 2002).

25.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

26.    Pezold adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

27.    The Panty adopts and incorporates by reference all defenses pleaded by other Defendants, except to the extent that they are inconsistent with defenses pleaded by Pezold in this answer.

DATE:  May / 6 , 2006

_____
Wayne Morse, Jr.
Email:  wmorse@clarkdolan.com

Clark, Dolan, Morse,
Oncale & Hair, P.C.
Suite 850
800 Shades Creek Pkwy.
Birmingham, AL  35209
T:  205-397-2900
F:  205-397-2901

Attorney for Pezold Management
Associates, Inc.

11

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SKYLAR HILL, an individual by and through his legal guardian and next of kin, MATT HILL, and individual and KADYE HILL an individual; )<br><br>PLAINTIFFS; )<br><br>V. )<br><br>MCDONALD'S aka PEZOLD MANAGEMENT ASSOCIATES, INC.; et al.; )<br><br>DEFENDANTS. ) | CIVIL ACTION NO.<br><br>_____ |

I hereby certify that on May ⎯16⎯, 2006, ~~I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney(s) of records~~; and I hereby certify that I have mailed by United States Postal Service the document to the following attorney(s) of record who may or may not be CM/ECF participants:

Mr. Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, AL 35203

_____
OF COUNSEL